The Chief Justice,
in delivering his opinion, remarked, that the question in this case was, whether the facts stated in the replication were sufficient to avoid the defendant’s discharge ; for the court would infer, that all the facts upon which issue,was taken, had been found by the jury.
The replication alleges, that in consequence of a compromise made by the defendant with one of his creditors, that creditor was induced to withdraw the opposition to the defendant’s discharge, which he otherwise would have made. Suppose the fact to be so : does it follow as a necessary or inevitable consequence, that the compromise.wasfraudulent ? Suppose the defendant was attended to the Recorder’s office by some friend, and that friend being informed of the creditor’s intended opposition, had himself advanced the money to effect the compromise: would the other creditors of the defendant have been prejudiced, by such a course *643 of proceeding 1 The entire fund, assigned by the debtor, would still have gone to his assignee, and it would, in that case, have been divided among a smaller number of creditors. By this means, the creditors would have been benefitted, and could not, with any reason, complain of the defendant’s acts in this particular. The court will not infer, that the acts done were fraudulent, because the replication, in its conclusion, asserts, that the discharge was fraudulent; but they will look at the facts stated, and ascertain from them whether the law has been violated.
In order to impeach the discharge, the court must infer, that the defendant subtracted a part of the funds, which would otherwise have gone to the creditors in general, and gave it to a particular creditor, for the purpose of inducing him to withdraw his contemplated opposition. This is not averred in the pleadings, and will not be intended, where such intendment must cast upon the defendant the perpetration of a fraud, and break up so solemn an instrument as a discharge, under the seal of a competent officer.
There is another reason why the allegations in the replication are not entitled to the particular favour of the court. When the defendant presented his petition to the Recorder, notice was directed to be given to all the creditors, to appear and show cause, if any they had, why the prayer of the petition should not be granted. That notice must have been given to the plaintiffs, among others, because the discharge itself avers, that satisfactory evidence was furnished to the Recorder, that all the requirements of the act had been complied with. If the plaintiffs intended to oppose the defendant’s discharge, why did they not appear at the proper time and place, and show cause ? By not appearing, they acquiesced in the discharge, and are concluded by it. The discharge is by the act itself, made conclusive evidence as to the facts which are asserted in it, and from that, nothing appears to shew the compromise, or impeach the discharge. It is, then, sufficient to afford the defendant all the protection which is sought in his plea, and must be made available for that object.
The next question is, can the judgment be arrested 1 According to strict technical principles, I think it cannot; but it may be *644 modified, in such way as to meet the exigency of the case. Where the law affords to an insolvent debtor a privilege, which is to protect his person, the court may always point out the means by which it may be made available. The only part of the judgment complained of, is that which relates to imprisonment, and that must be modified by a special entry, which shall protect the debt- or’s body. The plaintiffs will thus have their judgment, and the defendant, the protection asked for in his plea.
Oakley, J.
This is an action of debt on judgment. The defendant, to protect his person against execution, interposes a plea of a discharge, obtained under the act entitled, “ An act to abolish imprisonment for debt in certain cases.” The plaintiffs reply in substance, that on the day appointed for the appearance of the creditors to shew cause, against the discharge, one Judd, a creditor of the defendant, appeared to oppose, and commenced his opposition to the said discharge, and that the defendant, “ in order “ to induce the said Judd to withdraw his opposition, offered to, “ and did secure to be paid to him, the one half of his debt;” and he thereupon withdrew his opposition, and the defendant obtained his discharge. Issue was taken on this replication, and a verdict was found for the plaintiffs. The defendant now moves in arrest of judgment, or for some order of the court, directing an entry on the record, qualifying the judgment to be entered for the plaintiffs, so that no execution shall issue thereon against his person.
By the act, under which this discharge was obtained, [sess. 42. c/t. 101, s. 2.] it is enacted, that the insolvent, on presenting his petition, shall make oath, among other things, that he has not settled with any of his creditors with a view to obtain (he benefit of the act. Public notice is then directed to be given to the creditors of the insolvent, to show cause against his discharge, on a day to be appointed, and if no causé be shown, and the officer to whom the petition is presented, “ shall be satisfied that the in sol- “ vent hath in all things conformed to the provisions of the act,” he shall direct an assignment to be made of the insolvent’s estate. The 3d section directs the discharge to be granted, upon proof of such assignment; and declares, that the discharge so granted, “shall be conclusive evidence in. all courts within this state, of *645 “ the facts therein contained.” By the 5lh section, it is enacted, that the discharge shall be void, for several causes particularly specified therein, among which, are the commission of any perjury by the insolvent, and the concealment of any of his estate or effects.
It is contended, on the part of the defendant, that the discharge cannot be impeached or avoided for any cause, other than those particularly enumerated in the 5th section of the act. This position appears to be fully supported by the case of Lester v. Thompson, [1 J. R. 300.] In that case, the discharge relied on, was obtained under the general insolvent act, which requires the assent of a portion of the creditors of the insolvent to the granting of his discharge. The 13 th section of that act [1 R. L. 466.] enumerates the causes which shall render a discharge void, and its provisions are similar to those of the 5th section of the act now under consideration, as far as the nature of the proceedings under the respective acts Will admit. In Lester v. Thompson, the fraud alleged against the discharge, was one not enumerated in the act, as it then stood. The plaintiff there contended, that any fraud on the part of the insolvent, in obtaining the discharge, would vitiate it. But the court said, that its validity could not be contested on any ground, other than those expressly reserved in the act itself. This seems to be fully in point in the present case.
It has frequently been decided, as suggested by the plaintiffs’ counsel, that notes or securities given to a creditor by the insolvent or others, as a consideration for withdrawing his opposition to the discharge, are void, as being against the policy of the law. That principle cannot, however, be applied to the present case. The validity of the discharge itself, rests upon the express provision of the statute, A note, madé under the circumstances above mentioned, is held to be void by the principles of the common law.
,The plaintiffs further contend, that the facts set forth in the replication, show, that the insolvent was guilty of false-swearing, within the spirit and meaning of'the 5th section of the act. The oath taken, by the insolvent, at the time of presenting his pet.i *646 tion, was, that he had not settled with any of his creditors, with a view to obtain the benefit of the act. The facts set forth in the replication, certainly show a settlement with Judd, within the fair import of that clause of the oath. But we are not at liberty to refer the party’s oath to a period different from that fixed by the statute. It was strictly true, for aught that appears at the time it was made, and acted on by the Recorder, and it would be over-leaping the plain terms of the statute, to refer it to a subsequent period, with a'view to falsify it. In this respect, the case differs from Robson v. Calze, [Doug. 228,] cited by the plaintiffs’ counsel. There, the affidavit of the party was true, as he supposed, when it was sworn to, but known by him to be talse when laid before the Lord Chancellor, for the allowance of the bankrupt’s certificate.
It is again contended by the plaintiffs’ counsel, that the facts set forth in the replication, amount to an averment, that the insolvent had concealed a part of his effects. The allegation is, that he had secured to be paid to Judd a portion of his debt, and it is said, that we must intend that such security was given by an appropriation of the insolvent’s own estate. Such intendment, I apprehend, cannot fairly be made. The security given to Judd, may have been by the intervention of some friend, and this will be presumed to have been the case, where a contrary intendment will charge the party with fraud.
On the whole, I am of opinion, that upon this record, the defendant is entitled to the protection of his discharge, notwithstanding the finding of the issue against him. The plaintiffs’ judgment for the debt, must be so modified, as that no execution can issue against the defendant’s person, and a special entry must be made on the record to that effect.
The defendant’s counsel, in the first instance, moved for judgment “non obstante veredicto, or for such other rule, or order, as the “ court might grant.” They then contended, that the facts stated in the replication were all immaterial, and that, therefore, the de *647 fendant might have judgment to the extent of his plea, and cited Whittemore v. Adams, [2 Cowen’s R. 626.]
Mr. Tallmadge, contra, contended, that the defendant could in no case, move for judgment, non obstante veredicto. It is the privilege of the plaintiffs to make this motion, while the defendant, on his part, is allowed to meet corresponding defects by a motion in arrest. In all cases where this motion prevails, a repleader may be awarded, and it is only made in cases of issues palpably immaterial.
The Court ruled, that the defendant could not move for judgment, non obstante veredicto,* in a case where it was clear that the plaintiffs were entitled to it. His object was, not to enter up a judgment in his own favour, but to cause that of the plaintiffs to be modified to the extent of his plea, which claimed nothing more than a personal privilege. They therefore refused that motion, and permitted the defendant to seek for relief in some other form. The defendant, therefore, subsequently made the motion report-in the case above.
[E. Curtis, Att’y for the plffs. E. H. Ely, Att’y for the deft.]

 Vide Smith v. Smith, 4 Wend. R. 468.